**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 10 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVE KELLY; CLARICE DREYER, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> LINDA McCULLOCH, in her official capacity as Secretary of State of the State of Montana, <br><br> Defendant - Appellee. | No. 10-35174 <br><br> D.C. No. 2:08-cv-00025-SEH <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted November 5, 2010

Portland, Oregon

Before:     W. FLETCHER and FISHER, Circuit Judges, and JONES,
            District Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable James P. Jones, United States District Judge for the Western District of Virginia, sitting by designation.

Steve Kelly and Clarice Dreyer appeal the district court's grant of summary judgment to the State of Montana. We reverse and remand.

The district court held that Kelly did not have standing because one portion of his testimony indicated that he did not decide to run for office until after the complaint was filed. The district court also found that Dreyer did not have standing because her claim was derivative of Kelly's claim. At several other points, however, Kelly testified that he decided to run before filing the lawsuit. Kelly's conflicting testimony was not a reason to find for Montana at the summary judgment stage. At most, it indicated a genuine dispute of material fact to be resolved by the factfinder.

Under our precedent, however, Kelly and Dreyer both have standing as a matter of law as registered voters, whether or not Kelly has standing as a would-be candidate. As Judge O'Scannlain wrote in *Erum v. Cayetano*, 881 F.2d 689 (9th Cir. 1989), *overruling on other grounds recognized by Lightfoot v. Eu*, 964 F.2d 865, 868 (9th Cir. 1992),

> Erum brought this action in his capacity as a registered voter of the State of Hawaii as well as in his capacity as an erstwhile and potentially future candidate. Candidate eligibility requirements implicate basic constitutional rights of voters as well as those of candidates. *Anderson v. Celebrezze*, 460 U.S. 780, 786-87 (1983); *see also Lubin v. Panish*, 415 U.S. 709, 716 (1974). Therefore, even if the Lieutenant Governor's contention [that Erum lacked standing in

2

his capacity as a candidate] is meritorious, Erum possesses standing to challenge the whole of [the] ballot access restrictions in his capacity as a registered *voter*.

*Id.* at 691. There is no dispute that Kelly and Dreyer are registered voters in Montana. Their "basic constitutional rights" as voters are implicated, and they therefore have standing to challenge Montana's ballot access requirements.

We reverse. We remand to the allow the district court to reach the merits of Kelly and Dreyer's claims.

**REVERSED AND REMANDED**.